UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT J. MONTEZ, | § | |
| PLAINTIFF PRO SE | § | |
| | § | |
| v. | § | 1:11-CV-266-LY-RP |
| | § | |
| GREG HAMILTON, TRAVIS COUNTY | § | |
| SHERIFF, JAMES N. SYLVESTER, | § | |
| CHIEF DEPUTY, TRAVIS COUNTY | § | |
| JAIL INTAKE NURSE (NAME | § | |
| UNKNOWN), R. FLORES, | § | |
| CORRECTIONS OFFICER #3112, | § | |
| R. BROWN, CORRECTIONS OFFICER | § | |
| #4108, MEDICAL DIRECTOR, M. | § | |
| SUMMERS, AND TRAVIS COUNTY, | § | |
| DEFENDANTS | § | |

## DEFENDANTS' TRAVIS COUNTY, ET AL., ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COME NOW Greg Hamilton (Travis County Sheriff), James N. Sylvester (Chief Deputy), Francisco Campos[1] (Travis County Jail Nurse), Flores (Corrections Officer #3312), Officer, R. Brown (Corrections Officer #4108), M. Summers (Medical Director) and Travis County ("Defendants"), by and through their attorney of record, the Travis County Attorney, and file this Original Answer, Affirmative Defenses and Demand for Jury Trial. In support thereof, Defendants respectfully offer the following:

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein. The

---

[1] We have investigated the medical records and assume Plaintiff is attempting to name this nurse as he recorded notes for performing intake medical services for Robert Montez.

following specific admissions and denials are made to the corresponding paragraphs of Plaintiff's Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFF'S COMPLAINT

### I. PREVIOUS LAWSUITS

Defendants admit that Plaintiff filed a lawsuit styled: Cause No. 1:08-cv-00483-LY; *Montez v. Travis County, et al;* Western District of Texas; Austin Division, in Federal Court relating to his imprisonment. Defendants admit that the Plaintiff was Robert J. Montez. Defendants admit that the Defendants were Travis County and Officer Chris Hotard. Defendants admit that the case was assigned to Judge Yeakel. Defendant Travis County was dismissed via summary judgment. Defendants admit that Hotard settled out of court. Defendants admit that the case was disposed of on November 30, 2009.

### II. PLACE OF PRESENT CONFINEMENT

Defendants deny that Plaintiff's place of current confinement is at the Travis County Correctional Complex, (TCCC), 3614 Bill Price Rd., Del Valle, Texas, 78617.

### III. EXHAUSTION OF GRIEVANCE PROCEDUES

At this time, Defendants lack sufficient knowledge and information to form a belief as to the truth or accuracy of allegations and assertions that Plaintiff has exhausted Travis County's Sheriff's Office ("TCSO") grievance procedures, and therefore, said allegations and assertions are denied.

### IV. PARTIES TO THIS SUIT

Defendants admit that Robert J. Montez ("Plaintiff") is the Plaintiff in this lawsuit. Defendants admit that the court has ordered service on Defendants R. Brown, R. Flores, Greg Hamilton, Medical Director Summers, James N. Sylvester, Travis County, and a

Travis County Jail Intake Nurse. All other allegations contained in this paragraph of Plaintiff's complaint are specifically denied.

## V. STATEMENT OF CLAIM

Defendants deny all allegations and assertions set out in this paragraph of Plaintiff's Original Complaint.

I. Defendants admit that on or about February 10, 2011, Plaintiff was in the custody of the Travis County Sheriff's Department. Defendants that Plaintiff, "while being booked into the Travis County Jail at central booking in front of the finger printer/imager and mug shot desk, the TCSO Intake Screening Nurse" administered medications, but deny that he administered "the incorrect prescribed medications and/or in an excessive amount." Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation the medications administered to him caused "severe reactions, side effects, pains, and sufferings including but not limited to the following: diarrhea, dizziness, drowsiness, headaches, loss of appetite, stomach, pains, mouth sores, muscle aches, nausea, upset stomach, fatigue, trouble sleeping, hallucinations, skin rash, dimentia [sic], aggitation [sic], aggression, anxiety, depression, suicidal thoughts, delusions, confusion, weakness, mental and mood disorders," and therefore, said allegations are denied.

II. Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that "on or about the 10th day of February, 2011, while housed at TCJ in P2-215 at or about 10:30 P.M. (C.S.T.), [Plaintiff] asked the post officer on duty to speak to the nurse and asked for [his] medications as prescribed by [his] licensed and certified medical doctor" and therefore, said allegations are denied.

Defendants deny that Plaintiff "was denied critical life sustaining prescribed medications and medical attention." Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that Plaintiff "suffered continuous severe side effects, acute withdrawals from psychotropic medications, and subjected/exposed to the potential of virus to become less sensitive to his prescribed and other medications," and therefore, said allegations are denied. Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that "per doctors orders, pharmasists [sic] and manufacturer warnings, [Plaintiff was] not to stop taking [his] medications as prescribed due to suffering severe side effects and developing a resistance to drug therapies," and therefore, said allegations are denied.

   III. Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that "on or about the 12th day of February, 2011 [Plaintiff] was transferred from TCJ P2-215 and placed in a dangerous living condition against medical directives for lower tier housing and housed on upper tier at TCCC-HSB-12-01," and therefore, said allegations are denied. Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that Plaintiff was "exposed to climbing metal stairways against document [sic] medical orders, due to severe and acute withdrawals, potential seizure risks, and other medically documented safety concerns," and therefore, said allegations are denied. Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that "on February 24, 2011, [Plaintiff] was placed in general population housing without doctors clearance and consent," and therefore, said allegation is denied.

IV. Defendants deny Plaintiff's allegation that "on or about the February 10, 2011, through March 18, 2011, while in custody of TCSO at TCJ and TCCC, [Plaintiff] was denied medical attention and medications for [his] clinically diagnosed and documented mental health conditions." Defendants deny Plaintiff's allegation that "due to TCSO and medical staff's deliberate indifference to adequate care and treatment, Plaintiff suffered grave emotional and mental anguish, pains and sufferings and physical injury (withdrawals) from well documented and declared diagnosis and drug therapies."

Defendants, Greg Hamilton, James Sylvester, TSCO Intake Screening Nurse at TCJ Central Booking, M. Summers, Medical Director, deny liability for Plaintiff's allegations of deliberate indifference, medical malpractice, gross negligence, careless omissions, pain and suffering, mental and emotional anguish, inadequate medical care, and exposing Plaintiff to dangerous and hazardous living conditions, or cruel and unusual punishment, for claims I – IV.

V. Defendants deny the use of excessive use of force (guard brutality) on or about the 2nd day of March, 2011 at or about 7:00 A.M. (C.S.T.). Defendants further deny Plaintiff's allegation that he "was assaulted by TCSO Correctional Officer R. Flores #3112 and R. Brown #4108 by excessive use of unnecessary force being meeted [sic] out for the sole purpose of causing injuries and bodily harm in a malicious and sadistic manner and intent." Defendants admit Plaintiff's allegation that Plaintiff was "being housed at TCCC in Bldg 12-D4-103 at or about 7:00 A.M. (C.S.T.)," but deny that "Officer Flores #3112 prompted [Plaintiff] to come out of his cell into the dayroom area by unlocking his cell door." Defendants deny Plaintiff's allegation that "upon exiting, Officer Flores #3112, grabbed on to the front of Plaintiff's shirt "horse collar" and tried to swing him with one arm

against the cell door." Defendants admit Plaintiff's allegation that Plaintiff "lost his balance," but deny Plaintiff's allegation that it was due to any inappropriate actions on the part of Officer Flores. Defendants admit Plaintiff's allegation that Plaintiff "came out of his jail issued slippers and was barefooted on slick concrete floors." Defendants deny Plaintiff's allegation that Officer Flores "then wrapped his legs around [Plaintiff's legs] and twisted his body to slam [Plaintiff] down upon the concrete floor." Defendants deny Plaintiff's allegation that Officer Flores #3112 with malicious and sadistic intent wrapped his arm around Plaintiff's throat cutting Plaintiff's air supply via a choke hold with extreme and abusive force pressure. Defendants admit Plaintiff's allegation that "Officer Brown #4108, came in to assist," but deny "the [use of ] brutal force." Defendants further deny Officer Brown "assisted Officer Flores #3112, in an improper handcuffing [of Plaintiff] by twisting one wrist up and one wrist down (opposite directions) and squeezing cuffs on as tightly as they would close around [Plaintiff's] wrists causing loss of blood flow, circulation, numbness to hands and arms, shoulder, neck and back injuries, front chipped tooth, cuts, swelling and bruising to wrists." Defendants admit Plaintiff's allegation that Plaintiff "was placed in a restraint chair about an hour later." Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that Plaintiff was "denied numerous attempts for one week to follow-up and seek medical attention, pictures, and documentation and treatments for injuries sustained," and therefore, said allegations are denied as inconsistent with TCSO policies and procedures in general. Defendants deny Plaintiff's allegation that Plaintiff "was not posing a threat to the security or safety of others as they contend nor resisting anything."

Defendants lacks sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiff's allegation that "Officer Dillard #4151 declares that TCSO has sole custody and control of audio and video of the incident which will support [Plaintiff's] claims and add merit to this suit" and therefore, said allegation is denied.

Defendants deny that Greg Hamilton, James Sylvester, R. Flores #3112, and R. Brown #4108, are liable for claim V.

### VI.   RELIEF

Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, it is not necessary for Defendants to admit or deny the amount of damages stated in a Complaint. However, Defendants deny that Plaintiff is entitled to any of the relief requested in his Complaint.

### VII.   GENERAL BACKGROUND INFORMATION

Defendants lack sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations or assertions contained in this paragraph of Plaintiff's Original Complaint, and, therefore, said allegations and assertions are denied.

### VIII.   SANCTIONS

Defendants lack sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations or assertions contained in this paragraph of Plaintiff's Original Complaint, and, therefore, said allegations and assertions are denied.

### AFFIRMATIVE DEFENSES

1. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983, but deny that such circumstances are present in this case.

2. Defendants deny that they deprived Plaintiff of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

3.      Defendants assert their right to sovereign immunity as none of Plaintiff's claims are the result of a policy or procedure of Travis County, 42 U.S.C. §1983, 28 U.S.C. §§2201 and 2202.

4.      Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. §1983.

5.      Defendants reserve the right to raise additional defenses that may become apparent throughout the factual development of this case.

6.      Defendants assert that any force used was a privileged use of force under the laws of the State of Texas.

7.      Defendants assert than any force used against plaintiff was in an attempt to restore order and security in a correctional environment.

8.      Defendants assert the affirmative defense set out in Section 9.53 of the Texas Penal Code which provides that an officer or employee of a correctional facility is justified in using force against a person in custody when the employee reasonably believes that the force is necessary to maintain the security of the correctional facility, the safety of security of other persons in custody or employed by the facility, or his own safety and security.

9.      Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

10.     To the extent that Plaintiff has intended to bring suit under the Texas Tort Claims Act, liability must be predicated upon circumstances where a private person would be liable, and therefore Defendants assert that the official/qualified immunity of Defendants' agents,

employees or representatives, acts as an affirmative bar to Plaintiff's recovery.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) & (2) (Vernon 1990).

11.     Defendants assert their right to official/qualified immunity under federal law to Plaintiff's federal causes of action. 42 U.S.C. §1983.

12.     Defendants allege that this suit is frivolous and without merit and that, as such, they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit.  Defendants seek recovery from Plaintiff for attorney's fees and costs expended in defending this suit.

## DEMAND FOR JURY TRIAL

Should trial be necessary in the foregoing cause of action, Defendants respectfully request a trial by jury.

## DEFENDANTS' COUNTERCLAIM FOR ATTORNEY'S FEES

Defendants seek attorney's fees that are reasonable in amount, pursuant to 42 U.S.C. §1988.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that Plaintiff take nothing by way of his suit, that Plaintiff's suit be dismissed with prejudice, and that Defendants recover all court costs, as well as such other and further relief to which they may be so justly entitled at law or in equity.

                                        Respectfully submitted,

                                        **DAVID A. ESCAMILLA**
                                        **TRAVIS COUNTY ATTORNEY**
                                        P. O. Box 1748
                                        Austin, Texas 78767

251978-1  CASASE  245.1731                    9

(512) 854-9415
(512) 854-4808 FAX

By: *Elaine A. Casas*
Elaine A. Casas
Assistant Travis County Attorney
State Bar No. 00785750

Jennifer Kraber
Assistant Travis County Attorney
State Bar No. 24027426
**ATTORNEYS FOR DEFENDANTS**

251978-1  CASASE  245.1731                    10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Travis County's Answer, Affirmative Defenses and Demand for Jury Trial has been sent via certified mail, return receipt requested, on this 22nd day of June 2011 to the following:

**CMRRR# 7005 2570 0000 5004 9945**
Robert J. Montez
c/o Brad Nilsen
12430 Metric Boulevard, Suite 10105
Austin, Texas 78758
**PRO SE PLAINTIFF**

*Elaine A. Casas*
**Elaine A. Casas**
**Assistant County Attorney**

**Jennifer Kraber**
**Assistant County Attorney**